No. 97,691

In the Matter of BARRY L. ARBUCKLE, *Respondent.*

(156 P.3d 668)

Opinion filed April 27, 2007.

*Alexander M. Walczak,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for petitioner.

*Gregory A. Lee,* of Cooper & Lee, LLC, of Topeka, argued the cause for respondent, and *Barry L. Arbuckle,* respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Barry Arbuckle, an attorney admitted to the practice of law in Kansas in June 1971. Arbuckle's last registration address with the Clerk of the Appellate Courts of Kansas is in Wichita, Kansas.

The charges in this case arose from a complaint by Robert Scarbro, an over-the-road trucker who retained Arbuckle to represent him in a dispute with Freightliner Trucks and the Omaha Truck Center regarding defects in a 2001 Freightliner tractor/sleeper. In June 2003, Arbuckle filed a petition pursuant to the Consumer Protection Act in Kansas state court. The defendants subsequently removed the case to federal court. Thereafter, Arbuckle failed to respond to the defendants' discovery requests and the defendants' motion to compel discovery. In addition to granting the defendants' motion for discovery and ordering Arbuckle to comply with the discovery requests within 10 days, the federal district court ordered Arbuckle to pay $250 in sanctions. When Arbuckle failed to comply with the federal court's order compelling discovery and imposing a sanction, the defendants filed a Motion to Dismiss With Prejudice. Arbuckle did not respond to the motion, and the federal district court granted the motion, dismissing Scarbro's petition on March 4, 2004. Arbuckle's motion to set aside the dismissal was

denied. Scarbro filed a complaint with the Disciplinary Administrator in December 2004.

Arbuckle failed to respond to Scabro's complaint until July 2005. In June 2006, the office of the Disciplinary Administrator filed a formal complaint alleging that Arbuckle violated Kansas Rules of Professional Conduct (KRPC) 1.1 (2006 Kan. Ct. R. Annot. 358) (competence); KRPC 1.3 (2006 Kan. Ct. R. Annot. 371) (diligence); KRPC 1.4 (2006 Kan. Ct. R. Annot. 386) (communication); KRPC 3.4 (2006 Kan. Ct. R. Annot. 472) (fairness to opposing counsel); KRPC 8.1(b) (2006 Kan. Ct. R. Annot. 505); and Supreme Court Rule 207(b) (2006 Kan. Ct. R. Annot. 268) (duties of the bar and judiciary). Arbuckle filed an answer to the formal complaint admitting all of the allegations in the complaint. The Kansas Board for the Discipline of Attorneys held a hearing on September 21, 2006, and Arbuckle appeared in person and with counsel. At the hearing, Arbuckle stipulated to violating KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 3.4, KRPC 8.1(b), and Supreme Court Rule 207(b). Arbuckle presented evidence in mitigation, but the Deputy Disciplinary Administrator presented no evidence in aggravation. At the time of the hearing, Arbuckle had not paid the $250 sanction ordered by the federal district court.

The hearing panel unanimously concluded that Arbuckle violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 3.4, KRPC 8.1, and Supreme Court Rule 207(b) and recommended that Arbuckle be censured and the censure be published in the Kansas Reports. Arbuckle did not file any exceptions to the final hearing report.

The hearing panel made the following findings of fact and conclusions of law:

## "FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:

"1. Barry L. Arbuckle (hereinafter 'the Respondent') is an attorney at law . . . . His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Wichita, Kansas . . . . The Respondent was admitted to the practice of law in the state of Kansas on June 24, 1971.

"2. Robert W. Scarbro is an over the road long haul truck driver. Mr. Scarbro developed a dispute with Freightliner Trucks and Omaha Truck Center (hereinafter 'the defendants') regarding his truck.

"3. In February, 2003, Mr. Scarbro retained the Respondent to file suit against the defendants. At that time, Mr. Scarbro paid the Respondent a $2,000 advance fee.

"4. In March, 2003, the Respondent reduced the fee agreement to writing. The Respondent acknowledged the $2,000 advance fee and indicated that the fee would be earned at a rate of $150.00 per hour. Finally, the Respondent stated that the maximum fee would be ⅓ of any settlement.

"5. On June 6, 2003, the Respondent filed suit in behalf of Mr. Scarbro in the Shawnee County District Court. Then, on July 10, 2003, the defendants removed the case to the United States District Court for the District of Kansas.

"6. On September 23, 2003, the Court held a scheduling conference. The Court included the following deadlines in the scheduling order. On September 26, 2003, the Rule 26 disclosures were due. On December 15, 2003, the preliminary disclosure of witnesses and exhibits were due. Discovery was to be completed by January 31, 2004. The pretrial conference was scheduled for February 18, 2004. On March 5, 2004, dispositive motions were due. The Court scheduled trial for July 6, 2004.

"7. On October 17, 2003, the defendants served discovery requests on the Respondent. The responses to the discovery requests were due November 19, 2003. The Respondent failed to provide the requested discovery.

"8. On November 25, 2003, the defendants filed a motion to compel discovery. The Respondent failed to respond to the motion to compel.

"9. The Respondent failed to provide the preliminary disclosure of witnesses and exhibits by December 15, 2003, as required by the Court.

"10. On December 16, 2003, the Court granted the defendants' motion to compel, sanctioned the Respondent, and ordered the Respondent to comply with the discovery requests within 10 days. The Respondent failed to comply with the discovery requests within 10 days as ordered by the Court.

"11. Because the Respondent failed to provide the preliminary disclosure of witnesses and exhibits and because the Respondent failed to comply with the Court's order to compel discovery, on January 6, 2004, the defendants filed a motion to dismiss with prejudice. The Respondent did not respond to the defendants' motion to dismiss with prejudice.

"12. On March 4, 2004, the Court granted the defendants' motion to dismiss with prejudice.

"13. On April 6, 2004, the Respondent filed a motion to set aside the order of dismissal. On April 12, 2004, the defendants filed a memorandum in opposition to the Respondent's motion. Thereafter, on June 4, 2004, the Court denied the Respondent's motion.

"14. In December, 2004, Mr. Scarbro filed a complaint with the Office of the Disciplinary Administrator. On January 7, 2005, Mr. Walczak wrote to the Respondent. In the letter, Mr. Walczak directed the Respondent to provide a written response to the complaint within 20 days. The Respondent failed to provide a

written response to the complaint within 20 days. Eventually, on July 19, 2005, the Respondent provided a written response to the complaint.

"15.   As of the date of the hearing on the Formal Complaint, the Respondent had not paid the sanctions as ordered by the Court nor had the Respondent offered to compensate Mr. Scarbro for his loss of cause of action.

## "CONCLUSIONS OF LAW

"1.   Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 3.4, KRPC 8.1(b), and Kan. Sup. Ct. R. 207(b), as detailed below.

"2.   Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' The Respondent did not represent Mr. Scarbro with thoroughness and with reasonable preparation. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.1.

"3.   Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Mr. Scarbro when he failed to take any action during discovery and when he allowed Mr. Scarbro's cause of action to be dismissed. Because the Respondent failed to act with reasonable diligence and promptness in representing Mr. Scarbro, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"4.   KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed to adequately communicate with Mr. Scarbro. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5.   KRPC 3.4 requires attorneys to be fair to opposing counsel. The rule provides:

'A lawyer shall not:

. . . .

'(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

'(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party.'

In this case, the Respondent repeatedly disobeyed the court's orders, including the order to comply with discovery and the order to pay sanctions. Further, as late as the date of the hearing on the Formal Complaint, the Respondent had not paid the sanctions that were ordered on December 16, 2003. As such, the Hearing Panel concludes that the Respondent violated KRPC 3.4.

"6.   Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirement in this regard. '[A] lawyer

in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(c).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.' Kan. Sup. Ct. R. 207(b).

The Respondent knew that he was required to forward a written response to the initial complaint. Because the Respondent knowingly failed to provide a timely written response to the initial complaint filed by Mr. Scarbro, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

## "AMERICAN BAR ASSOCIATION
## "STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his client to provide competent and diligent representation. Additionally, the Respondent violated his duty to his client to provide adequate communication. The Respondent also violated his duty to the legal system to comply with orders of the court. Finally, the Respondent violated his duty to the legal profession to cooperate in the disciplinary investigation.

"*Mental State.* The Respondent negligently and knowingly violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to Mr. Scarbro.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Pattern of Misconduct. The Respondent engaged in a pattern of misconduct in this case by repeatedly ignoring the Court's orders.

"Multiple Offenses. The Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 3.4, KRPC 8.1, and Kan. Sup. Ct. R. 207. As such, the Respondent committed multiple offenses.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1971. At the time the Respondent

engaged in misconduct, the Respondent had been practicing law for a period of 35 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Indifference to Making Restitution. To date, the Respondent has made no effort to pay the sanctions ordered by the Court or to compensate Mr. Scarbro for his loss of cause of action.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined.

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent is an active and productive member of the bar in Wichita, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.' Standard 4.43.

'Reprimand is generally appropriate when a lawyer negligently fails to provide a client with accurate or complete information, and causes injury or potential injury to the client.' Standard 4.63.

'Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.' Standard 6.22.

'Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.' Standard 6.23.

'Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.3.

## "RECOMMENDATION

"The Deputy Disciplinary Administrator and Counsel for Respondent recom-

mended that the Respondent be censured and that the censure be published in the Kansas Reports.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be censured by the Kansas Supreme Court. The Hearing Panel further recommends that the censure be published in the Kansas Reports. The Hearing Panel also urges the Respondent pay the sanctions and provide evidence that the sanctions have been paid to Mr. Walczak, within 30 days of the date of this report. Finally, the Hearing Panel recommends that the Respondent immediately obtain professional liability insurance."

In a disciplinary proceeding, we consider the evidence, the findings of the disciplinary panel, and the arguments of the parties to determine whether the respondent violated the KPRC and what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Landrith*, 280 Kan. 619, 636, 124 P.3d 467 (2005); Supreme Court Rule 211(f) (2006 Kan. Ct. R. Annot. 284) (misconduct to be established by clear and convincing evidence).

We conclude that the hearing panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law, and we adopt the same. We note that Arbuckle admitted to the violations and agreed with the discipline recommended by the Disciplinary Administrator and the hearing panel. Arbuckle also conceded at oral argument that he would reimburse Mr. Scarbro for the $2,000 advance fee that was paid. Based on Arbuckle's admission to the violations, agreement with the recommended discipline, and concession regarding the reimbursement of the attorney fees, we accept the panel's recommended discipline of published censure as the appropriate discipline. A minority of this court would find the failure to reimburse the $2,000 advance fee would result in further disciplinary action.

IT IS THEREFORE ORDERED that respondent, Barry L. Arbuckle, be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (2006 Kan. Ct. R. Annot. 243) for violations of KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 3.4, KRPC 8.1, and Supreme Court Rule 207(b).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs of these proceedings be assessed to respondent.